IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| LAMONT JOHNSON, | ) |
|     Petitioner, | ) |
| v. | )   Case No. 1:17-cv-01195-STA-egb |
| DARREN SETTLES, | ) |
|     Respondent. | ) |

ORDER GRANTING MOTION TO DISMISS,
DENYING CERTIFICATE OF APPEALABILITY,
AND
DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

On October 12, 2017, Petitioner, Lamont Johnson, filed a *pro se* habeas corpus petition under 28 U.S.C. § 2254 ("Petition"). (ECF No. 1.) Before the Court is the motion of Respondent, Darren Settles, to dismiss the Petition as untimely. (ECF No. 13.) For the reasons that follow, the motion is **GRANTED**.

**BACKGROUND**

In January 2012, Johnson received a sentence of life imprisonment following a jury's determination that he was guilty of first degree murder in perpetration of aggravated child abuse. (ECF No. 12-1 at 66, 71.) On direct appeal, the Tennessee Court of Criminal Appeals ("TCCA") affirmed the judgment of conviction. *State v. Johnson*, No. W2012-01271-CCA-R3-CD, 2013 WL 2404057, at *1 (Tenn. Crim. App. May 30, 2013). The Tennessee Supreme Court denied discretionary review on October 16, 2013. (ECF No. 12-12).

On June 2, 2014, Petitioner submitted a *pro se* petition for state post-conviction relief to the prison authorities for mailing, which was subsequently supplemented by appointed counsel. (ECF No. 12-13 at 13, 40.) The trial court denied the petition after an evidentiary hearing. (*Id.* at 64-74.) The TCCA affirmed, *see Johnson v. State*, No. W2016-00090-CCA-R3-PC, 2016 WL 6996409 (Tenn. Crim. App. Nov. 30, 2016), and Johnson did not seek discretionary review in the Tennessee Supreme Court.

On October 12, 2017, Johnson filed his federal habeas Petition, which sets forth the following claims:

> Claim 1: Petitioner was denied the right to present a defense when the court excluded certain witnesses. (ECF No. 1 at 5.)
>
> Claim 2: Trial counsel rendered ineffective assistance by "fail[ing] to obtain a[n] independent medical expert to rebut [the] State's claim." (*Id.* at 6.)
>
> Claim 3: Trial counsel rendered ineffective assistance by "fail[ing] to correct false testimony at trial." (*Id.* at 8.)
>
> Claim 4: Trial counsel rendered ineffective assistance "by not filing [a] motion to dismiss the charges based on rights to a speedy trial." (*Id.* at 10.)

The Court thereafter ordered Respondent to respond to the Petition, and granted Petitioner leave to file a reply. (ECF No. 7.) On January 17, 2018, Respondent filed the state court record and a motion to dismiss the Petition as untimely. (ECF Nos 12 and 13.)

## DISCUSSION

A § 2254 petition is subject to a one-year statute of limitations. 28 U.S.C. § 2244(d)(1). In most cases, the limitations period begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The one-year limitations period is statutorily tolled during the time

"a properly filed application for State post-conviction or other collateral review . . . is pending." 28 U.S.C. § 2244(d)(2).

The one-year statute of limitations in 28 U.S.C. § 2244(d)(1) is not a jurisdictional bar and is subject to equitable tolling under extraordinary circumstances. *McClendon v. Sherman*, 329 F.3d 490, 492 (6th Cir. 2003). Traditional equitable tolling requires the petitioner to show that (1) "he has been pursuing his rights diligently;" and (2) "some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks omitted). Tolling may also be warranted on a gateway claim of actual innocence. *McQuiggin v. Perkins,* 569 U.S. 383, 392-93 (2013).

Petitioner, here, had one-year from the date his conviction became final to file his federal Petition. Taking into account statutory tolling under § 2244(d)(2), the last day he could timely file a § 2254 petition was September 15, 2017. The date is arrived at as follows.

Petitioner appealed his conviction to the Tennessee Supreme Court, but did not appeal to the United States Supreme Court. His conviction thus became final when the time for appealing to the United States Supreme Court expired, which was ninety days after the Tennessee Supreme Court denied permission to appeal. *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000) ("[T]he one-year statute of limitations does not begin to run until the time for filing a petition for writ of certiorari for direct review in the United States Supreme Court has expired."). Permission to appeal was denied on October 16, 2013, and ninety days from that date was January 14, 2014.

The limitations "clock" started the following day, *see id.* at 284, and ran for 138 days. It was paused on June 2, 2014, when Petitioner submitted his state post-conviction petition to the prison authorities for mailing. When the TCCA affirmed the trial court's denial of post-

3

conviction relief on November 30, 2016, Petitioner had until Monday January 30, 2017, to seek discretionary review in the Tennessee Supreme Court. *See* Tenn. R. App. P. 11 and 21. The limitations clock resumed the following day, January 31, 2017, and expired 227 days later (365 minus 138), on Friday September 15, 2017.

As noted, Johnson filed his federal Petition on October 12, 2017.[1] The Petition is therefore untimely by 27 days.

Petitioner has not argued that he is entitled to equitable tolling or that he is actually innocent of the crimes for which he was convicted. Question 18 on the Court's official § 2254 form, which Petitioner used, asked him to explain why he believes "the one-year statute of limitations does not bar [his] petition." (ECF No. 1 at 13.) He did not provide an answer to Question 18 and, as noted, did not respond to the motion to dismiss.

The motion to dismiss is therefore **GRANTED**.

## APPEAL ISSUES

A § 2254 petitioner may not proceed on appeal unless a district or circuit judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2)-(3). A "substantial showing" is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell,* 537 U.S. 322, 336 (quoting *Slack v. Daniel*, 529 U.S. 473, 484 (2000)). "If the petition was denied on

---

[1] The Petition was filed on the date it was received by the Clerk's office. Petitioner did not date his signature or certify when he submitted the Petition to prison authorities for mailing. Therefore, the mailbox rule set forth in *Houston v. Lack*, 487 U.S. 266, 270 (1988), cannot be applied.

4

procedural grounds, the petitioner must show, 'at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Dufresne v. Palmer*, 876 F.3d 248, 252-53 (6th Cir. 2017) (quoting *Slack*, 529 U.S. at 484).

In this case, reasonable jurists would not debate the correctness of the Court's decision to dismiss the Petition. Because any appeal by Petitioner does not deserve attention, the Court **DENIES** a certificate of appealability.

Pursuant to Federal Rule of Appellate Procedure 24(a), a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court. *Id.*

In this case, for the same reasons it denies a COA, the Court **CERTIFIES**, pursuant to Rule 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal *in forma pauperis* is therefore **DENIED**.

    **IT IS SO ORDERED**.

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: April 13, 2018.